| | |
|---|---|
| MARGARET LITTMAN and <br> JENNIFER CHESAK <br>                       PLAINTIFFS, <br><br> V. <br><br> UNITED STATES DEPARTMENT OF LABOR; JULIE SU, as the acting U.S. Secretary of Labor; ADMINISTRATOR JESSICA LOOMAN, as head of U.S. Department of Labor's Wage and Hour Division; and U.S. DEPARTMENT OF LABOR WAGE AND HOUR DIVISION <br><br>                       DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 3:24-cv-00194 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiffs Margaret Littman and Jennifer Chesak ("the Freelancers") hereby respond to Defendants' the U.S. Department of Labor; Julie Su, in her official capacity as the Acting Secretary of Labor; Jessica Looman, in her official capacity as Administrator of the Wage and Hour Division of the U.S. Department of Labor; and the Wage and Hour Division of the U.S. Department of Labor (collectively, "the Department") Statement of Undisputed Material Facts under Local Rule 56.01(c). The Freelancers have contemporaneously filed a separate Statement of Undisputed Material Facts in Support of the Freelancers' Cross-Motion for Summary Judgment and in Opposition to the Departments' Motion for Summary Judgment. *See* Local Rule 56.01(b), (c).

1

1.      The Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA" or "Act"), was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202.

RESPONSE: To the extent this is a statement of law, no response is required and the FLSA speaks for itself. To the extent a response is required, it is undisputed that the passage cited above is the Act's stated goal for workers who fall within the FLSA.

2.      The FLSA requires covered employers to pay nonexempt employees at least the federal minimum wage and, for hours worked over 40 hours in a workweek, 1.5 times the employee's regular rate, 29 U.S.C. §§ 206(a), 207(a), and to keep certain records regarding employees, *id.* § 211(c).

RESPONSE: To the extent this is a statement of law, no response is required and the FLSA speaks for itself. To the extent a response is required, it is undisputed that the FLSA imposes several requirements regarding wage, hours, and recordkeeping on covered employers.

3.      The Act generally defines employees as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and employers to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id.* § 203(d). To "employ" is defined to include "to suffer or permit to work." *Id.* § 203(g).

RESPONSE To the extent this is a statement of law, no response is required and the FLSA speaks for itself. To the extent a response is required, this fact is undisputed.

4.      The FLSA does not define independent contractors. *See* 29 U.S.C. §§ 201-19.

RESPONSE: To the extent this is a statement of law no response is required and the FLSA speaks for itself. To the extent a response is required, this fact is undisputed.

5. Since the 1940s, courts have applied an "economic reality" analysis to determine whether a worker is an employee or an independent contractor under the Act. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 89 Fed. Reg. 1638-01 (Jan. 10, 2024) (codified at 29 C.F.R. Part 795) (the "2024 Rule") (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947); *U.S. v. Silk*, 331 U.S. 704 (1947); *Bartels v. Birmingham*, 332 U.S. 126 (1947); *NLRB v. Hearst Publ'ns, Inc.*, 322 U.S. 111 (1944)).

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is disputed that there exists a uniform and consistent "economic reality" analysis. 86 Fed. Reg. 1170–75. Courts have varied in their approaches to the "economic reality" test and have applied the test inconsistently. *See id.*

6. Under the economic reality test, the ultimate inquiry is whether, as a matter of economic reality, the worker is economically dependent on the employer for work (and is thus an employee) or is in business for themself (and is thus an independent contractor), rather than simply whether the employer would be considered to have control over the worker under the common law. *Id.* at 1638, 1641.

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is undisputed that economic dependence is the ultimate inquiry for whether a worker is an employee under the FLSA or an independent contractor.

7. In assessing economic dependence, courts have historically conducted a totality-of-the-circumstances analysis, considering multiple factors with no one factor or factors having predetermined weight. *Id.* at 1638, 1641-44.

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is disputed that there exists a uniform and consistent "economic

3

Case 3:24-cv-00194     Document 25-3     Filed 04/05/24     Page 3 of 12 PageID #: 231

reality" test. Courts have varied in their approaches to the "economic reality" test and have applied the test inconsistently. 86 Fed. Reg. 1170–75. It is also disputed that courts have not identified core factors or refused to place greater weight on some factors. 86 Fed. Reg. 1197–98; *see also McFeeley v. Jackson St. Ent., LLC*, 825 F.3d 235, 242–44 (4th Cir. 2016) (focusing on the control and opportunity for profit and loss, to evaluate independent contractor status, and finding the other factors "more peripheral.").

8. Specifically, in *Silk*, the Supreme Court identified five factors as "important" for distinguishing between employees and independent contractors: "degrees of control, opportunities for profit or loss, investment in facilities, permanency of relation[,] and skill required in the claimed independent operation." *Id.* at 1641 (quoting *Silk*, 331 U.S. at 716). The Court added that "[n]o one [factor] is controlling nor is the list complete." *Id.* (quoting *Silk*, 331 U.S. at 716).

RESPONSE To the extent this is a statement of law, no response is required. To the extent a response is required, it is undisputed that the quotation is accurate, but it is disputed that *Silk* is controlling as the case concerned the Social Security Act. *United States v. Silk*, 331 U.S. 704 (1947).

9. On the same day that the Supreme Court decided *Silk*, it also decided *Rutherford*, in which it affirmed a decision that analyzed an FLSA employment relationship based on economic realities. *Id.* (citing *Rutherford*, 331 U.S. at 727). In *Rutherford*, the Court considered several of the *Silk* factors and noted that the workers in question were best characterized as "part of the integrated unit of production under such circumstances that the workers performing the task were employees." *Id.* (quoting *Rutherford*, 331 U.S. at 729-30).

RESPONSE: To the extent this is a statement of law, no response is required, and the *Rutherford* case speaks for itself. To the extent a response is required, it is undisputed that the Court also considered whether the work was "a part of the integrated unit of production."

10. Just one week later, the Court decided *Bartels*, again considering several *Silk* factors and reiterating that courts must consider whether, in light of the "total situation," workers are, as a "matter of economic reality[,] … dependent upon the business to which they render service." *Id.* (quoting *Bartels*, 332 U.S. at 130).

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is disputed that *Bartles* is controlling as the case concerned the Social Security Act. *Bartels v. Birmingham*, 332 U.S. 126 (1947).

11. Consistent with *Silk*, *Rutherford*, and their progeny, all of the federal courts of appeals have followed the totality-of-the-circumstances economic reality analysis, using the factors first articulated in *Silk* as guideposts while acknowledging that those factors are not exhaustive and should not be applied mechanically or given arbitrary weight. *Id.* at 1642 nn.52-53 (listing cases).

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is disputed that there exists a uniform and consistent "economic reality" analysis. Courts have varied in their approaches to the "economic reality" test and have applied the test inconsistently. 86 Fed. Reg. 1170–75. It is also disputed that courts have not identified core factors, refused to place greater weight on some factors, or have not placed limitations on the "economic reality" test. 86 Fed. Reg. 1197–98; *see also McFeeley* 825 F.3d, 242–44 (4th Cir. 2016); *Wilson v. Guardian Angel Nursing, Inc.*, No. 3:07-0069, 2008 U.S. Dist. LEXIS 59623, at *34–37 (M.D. Tenn. July 31, 2008).

5

12. The Sixth Circuit, for example, considers six non-exclusive factors: "1) the permanency of the relationship between the parties; 2) the degree of skill required for the rendering of the services; 3) the worker's investment in equipment or materials for the task; 4) the worker's opportunity for profit or loss, depending upon his skill; ... 5) the degree of the alleged employer's right to control the manner in which the work is performed ...;" and 6) "whether the service rendered is an integral part of the alleged employer's business." *Acosta v. Off Duty Police Servs., Inc.*, 915 F.3d 1050, 1055 (6th Cir. 2019) (quoting *Keller v. Miri Microsys. LLC*, 781 F.3d 799, 807 (6th Cir. 2015)).

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required it is undisputed that the Sixth Circuit has identified the above six factors. It is disputed that the Sixth Circuit equally considers these factors or finds them useful in every case. *See Imars v. Contractors Mfg. Servs.*, No. 97-3543, 1998 U.S. App. LEXIS 21073, at *16–18 (6th Cir. Aug. 24, 1998).

13. In 1949, the Department first issued an opinion letter "distilling six 'primary factors which the Court considered significant' in *Rutherford* and *Silk*," emphasizing that "no single factor is controlling" in determining whether an employment relationship exists under the FLSA. 89 Fed. Reg. at 1643.

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is undisputed that the Department issued an opinion letter in 1949.

14. In the decades since, the Department has generally applied a similar multifactor economic reality analysis, deferring to legal precedent and the guiding principles announced

therein not to apply factors mechanically or assign any factor a predetermined weight. *See id.* at 1642-44.

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is disputed that the Department's application of the multifactor economic reality analysis has been uniform and consistent. 86 Fed. Reg. 1171.

15. The Department's Wage and Hour Division ("WHD") has also issued regulations providing similar guidance for specific industries. *See id.* at 1643 (citing 29 C.F.R. §§ 500.20(h)(4), 780.330(a)-(b), 788.16(a)).

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is undisputed that the Department has issued the above regulations.

16. On January 7, 2021, the Department published a final rule, *Independent Contractor Status Under the Fair Labor Standards Act*, 86 Fed. Reg. 1168-01 (the "2021 Rule"), with an effective date of March 8, 2021. *See* 89 Fed. Reg. at 1639.

RESPONSE: Undisputed.

17. The 2021 Rule added a new part to Title 29 of the Code of Federal Regulations (Part 795), introducing a new generally applicable analysis for determining whether a worker is an employee or an independent contractor—one that neither the Department nor any court had ever applied. *Id.* at 1638-39, 1727.

RESPONSE: To the extent this is a statement of law, no response is required. It is disputed that the 2021 Rule was not consistent with the "economic reality" test or prior case law. 86 Fed. Reg. 1196–98.

18. Specifically, the 2021 Rule created a novel five-factor analysis for determining whether a worker is economically dependent on an employer. The 2021 Rule designated two of the five factors as "core factors" that should carry greater weight in the analysis—meaning that, if they both indicate the same classification, there is a "substantial likelihood" that the classification is the correct classification. *Id.* at 1638. The two core factors were (1) the nature and degree of control over the work, and (2) the worker's opportunity for profit or loss. *Id.* at 1644. The three remaining factors were (3) the amount of skill required for the work, (4) the degree of permanence of the working relationship, and (5) whether the work is part of an integrated unit of production. *Id.* at 1645; 86 Fed. Reg. 1171.

RESPONSE: To the extent this is a statement of law, no response is required. It is undisputed that the 2021 Rule identified the two core factors and the three remaining factors above. It is disputed that the 2021 Rule applied economic reality factors in a novel fashion. The focus on the two core factors was consistent with the "economic reality" test and based on federal case law. 86 Fed. Reg. 1196–98.

19. Under the 2021 Rule, factors (3) through (5) were "less probative and, in some cases, may not be probative at all" of economic dependence and were "highly unlikely, either individually or collectively, to outweigh the combined probative value of the two core factors." 89 Fed. Reg. at 1645.

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is undisputed that the 2021 Rule emphasized two core factors while still allowing consideration of three other factors where appropriate. For the reasons stated in the Freelancers' briefs in this case, the Freelancers dispute any suggestion that the 2021 Rule's emphasis on two core factors was improper or otherwise inconsistent with the FLSA.

20. After the change in Administration in 2021, the Department first delayed and then withdrew the 2021 Rule. *See* 86 Fed. Reg. 12535 (Mar. 4, 2021) (the Delay Rule); 86 Fed. Reg. 24303 (May 6, 2021) (the Withdrawal Rule).

RESPONSE: Undisputed.

21. On October 13, 2022, the Department published a new proposed rule. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 87 Fed. Reg. 62218.

RESPONSE: Undisputed.

22. After receiving and considering over 55,000 comments, the Department published the 2024 Rule on January 10, 2024, with a March 11, 2024, effective date. 89 Fed. Reg. 1638-01.

RESPONSE: Undisputed.

23. The 2024 Rule both rescinds the 2021 Rule and separately replaces it with "an analysis that is more consistent with judicial precedent and the Act's text and purpose." *Id.* at 1638; *see* 29 C.F.R. Part 795.

RESPONSE: To the extent this is a statement of law, no response is required. It is undisputed that the 2024 Rule rescinded the 2021 Rule and replaced it with a new analysis. It is disputed that the 2024 Rule is more consistent with judicial precedent, the FLSA, and that the 2024 Rule was within the Department's statutory authority.

24. Specifically, the 2024 Rule embodies a totality-of-the-circumstances economic reality analysis in which the six longstanding factors do not have predetermined weight. 89 Fed. Reg. at 1645.

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, it is disputed that the 2024 Rule embodies a totality-of-the-

circumstances economic reality analysis in which the six longstanding factors do not have predetermined weight. 86 Fed. Reg. 1170–75.

25. Those factors include: (1) the worker's opportunity for profit or loss depending on managerial skill; (2) investments by the worker and the potential employer; (3) degree of permanence of the work relationship; (4) nature and degree of control; (5) extent to which the work performed is an integral part of the potential employer's business; and (6) the worker's skill and initiative. 29 C.F.R. §§ 795.110(b)(1)-(6).

RESPONSE: To the extent this is a statement of law, no response is required. It is undisputed that the 2024 Rule includes the six factors identified above. It is disputed that these are the only factors, the 2024 Rule also includes a seventh "catch-all" factor. 29 C.F.R. § 795.110(b)(7).

26. The preamble to the 2024 Rule also provides a detailed analysis about the application of each factor to serve as a guide for determining whether a worker is an employee or an independent contractor. *See* 89 Fed. Reg. at 1671-1725.

RESPONSE: To the extent this is a statement of law, no response is required. It is disputed that the Department provided detailed analysis and guidance for the application of the 2024 Rule. 89. Fed. Reg. 1170.

27. However, the 2024 Rule expressly emphasizes that it consists solely of "general interpretations," and is "intended to serve as a 'practical guide to employers and employees' as to how the Department will seek to apply the Act." 29 C.F.R. § 795.100.

RESPONSE: To the extent this is a statement of law, no response is required and 29 C.F.R. § 795.100 speaks for itself. To the extent a response is required, it is disputed that the

2024 Rule is merely interpretive, as it affects the rights and obligations of private parties. *See* 29 C.F.R. § 795.100 and the arguments presented in Plaintiffs' briefing.

28. Plaintiffs Margaret Littman and Jennifer Chesak filed their Verified Complaint on February 21, 2024. *See* ECF No. 1.

RESPONSE: Undisputed.

29. Plaintiffs moved for a preliminary injunction on March 1, 2024. *See* ECF No. 7-1.

RESPONSE: Undisputed.

DATED: April 5, 2024

Respectfully submitted,

s/ Wencong Fa
Wencong Fa
Cal. Bar #301679
wen@beacontn.org
BEACON CENTER OF TENNESSEE
1200 Clinton Street, #205
Nashville, TN 37203
Tel.: 615-383-6431
Fax: 615-383-6432
*Counsel for Plaintiffs*
*Admitted to practice only in California.*

s/ Daniel J. Tuklay
Daniel J. Turklay
B.P.R. No. 034600
Turklay Law
11205 Lebanon Rd #51
Mt. Juliet, TN 37122
Tel.: 615-838-5903
Fax: 888-868-0014
daniel@turklaylaw.com
*Local Counsel*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, I submitted the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** to the Clerk of the Court via the District Court's CM/ECF system, which served the document on John T. Lewis, who is counsel for the defendants in this case.

s/ Wencong Fa
Wencong Fa
Counsel for Plaintiffs
